**MCCARTER & ENGLISH, LLP**
Scott S. Christie
Irene M. Hurtado
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
Attorneys For Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------ x

SWEET PEOPLE APPAREL, INC., d/b/a MISS
ME, MEK DENIM, INC. and GURU DENIM,
INC., d/b/a TRUE RELIGION BRAND JEANS,

        Plaintiffs,

      - against -

FAME OF NY, INC., FAME OF ALABAMA,
INC., FAME OF ARKANSAS, INC., FAME OF
CALIFORNIA, INC., FAME OF COLORADO,
INC., FLORIDA FAME, INC., FAME OF
GEORGIA, INC., FAME OF INDIANA, INC.,
FAME OF LOUISIANA, INC., FAME OF
MICHIGAN, INC., FAME OF MINNESOTA,
INC., FAME OF MISSOURI, INC., FAME OF
MISSISSIPPI, INC., FAME OF OHIO, INC.,
FAME OF OKLAHOMA, INC., FAME OF
OREGON, INC., FAME OF PENNSYLVANIA,
INC., FAME OF TENNESSEE, INC., TEXAS
FAME, INC., FAME OF WASHINGTON, INC.,
SUNG KWON LEE and JOHN DOES 1-10,

        Defendants.

------------------------------------------------------------ x

Civil Action No.

**COMPLAINT**

    Plaintiffs Sweet People Apparel, Inc., d/b/a Miss Me ("Sweet People"), MEK Denim,

Inc. ("MEK Denim") and Guru Denim, Inc. d/b/a True Religion Brand Jeans ("True Religion"),

by and through their undersigned counsel, complain of Defendants Fame of NY, Inc. ("Fame of

NY"), Fame of Alabama, Inc., Fame of Arkansas, Inc., Fame of California, Inc., Fame of

Colorado, Inc., Florida Fame, Inc., Fame of Georgia, Inc., Fame of Indiana, Inc., Fame of

Louisiana, Inc., Fame of Michigan, Inc., Fame of Minnesota, Inc., Fame of Missouri, Inc., Fame

of Mississippi, Inc., Fame of Ohio, Inc., Fame of Oklahoma, Inc., Fame of Oregon, Inc., Fame of

Pennsylvania, Inc., Fame of Tennessee, Inc., Texas Fame, Inc., Fame of Washington, Inc., Sung

Kwon Lee ("Lee"), and John Does 1-10 (such Defendants other than Fame of NY and Lee being

collectively referred to as the "Store Defendants", and all such Defendants collectively referred

to as "Fame"), and allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs seek injunctive relief and damages for acts of copyright infringement,

trademark counterfeiting, trademark infringement, trade dress infringement, false designation of

origin, false advertising, trademark dilution, unfair competition and misappropriation, engaged in

by Defendants in violation of the laws of the United States and the State of New Jersey.

2.      Upon information and belief, Defendants are a sophisticated nationwide retail

counterfeiting operation, whose business model consists of taking popular jeanswear brands and

copying their designs stitch-for-stitch, right down to the smallest detail, even to the point of

copying original, copyrighted hang tags and other labeling. In this case, Defendants have

willfully, deliberately and systematically targeted Plaintiffs, and counterfeited Plaintiffs' most

distinctive and popular designs used on and in connection with their highly successful lines of

jeanswear products. After substantial resources were expended by Plaintiffs in creating such

designs, and promoting and selling jeanswear products containing them, Defendants, under the

direction and control of Defendant Fame of NY, developed and launched several lines of

jeanswear products using virtually identical designs. This conduct was in bad faith, was

undertaken without Plaintiffs' consent, and was engaged in by Defendants willfully and

2

deliberately so that they could directly compete with Plaintiffs and siphon off sales from their most popular lines of jeanswear products.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

4.      Sweet People's claims are predicated upon the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*, the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the statutory and common law of the State of New Jersey.

5.      MEK Denim's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the statutory and common law of the State of New Jersey.

6.      True Religion's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the statutory and common law of the State of New Jersey.

7.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a), because Defendants are either subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district.

## THE PARTIES

8.      Plaintiff Sweet People is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

3

9.     Plaintiff MEK Denim is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

10.    Plaintiff True Religion is a corporation organized and existing under the laws of the State of California, and maintains its principal place of business at 2263 East Vernon Avenue, Vernon, California 90058.

11.    Upon information and belief, Defendant Fame of NY is a corporation duly organized and existing under the laws of the State of New Jersey, and maintains an office and warehouse facility located at 477 South Dean Street, Englewood, New Jersey 07631.  Upon further information and belief, Fame of NY is operating a nationwide business enterprise from its business office located within this judicial district, such operation consisting of a series of retail stores in various states that sell apparel products, including jeanswear.  Specifically, upon further information and belief, Fame of NY, at all times acting in this judicial district, has exercised influence and control over the Store Defendants by providing the plans, decisions, directives and strategies complained of herein, and by manufacturing, warehousing and supplying, and/or arranging for the manufacture, warehouse and supply of the infringing products complained of.  While, as more fully described below, each of the Store Defendants are separately incorporated in the states in which their stores operate, Fame of NY, from headquarters located within this judicial district, operates and controls the activities of the Store Defendants as if they were one nationwide business enterprise.

12.     Upon information and belief, Defendant Fame of Alabama, Inc. is a corporation duly organized and existing under the laws of the State of Alabama, and maintains an office located at 244 Cresswood Blvd., Birmingham, Alabama 35210.  Upon further information and

4

belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Alabama, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Alabama, Inc.

13.     Upon information and belief, Defendant Fame of Arkansas, Inc. is a corporation duly organized and existing under the laws of the State of Arkansas, and maintains an office located at 3929 McCain Blvd., Suite H09, North Little Rock, Arkansas 72116. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Arkansas, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Arkansas, Inc.

14.     Upon information and belief, Defendant Fame of California, Inc. is a corporation duly organized and existing under the laws of the State of California, and maintains an office located at 1422 Hilltop Mall Road, Richmond, California 94806. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of California, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of California, Inc.

15.     Upon information and belief, Defendant Fame of Colorado, Inc. is a corporation duly organized and existing under the laws of the State of Colorado, and maintains an office at located 750 Citadel Drive East #3142, Colorado Springs, Colorado 80909. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial

district, has systematically and continuously directed the business operations and actions of

Fame of Colorado, Inc., including the wrongful actions described herein. Upon further

information and belief, Defendant Lee is the owner and an officer and/or director of Fame of

Colorado, Inc.

16.     Upon information and belief, Defendant Florida Fame, Inc. is a corporation duly

organized and existing under the laws of the State of Florida, and maintains an office located at

9401 W. Colonial Dr. #226, Ocoee, Florida 34761. Upon further information and belief, Fame

of NY, at all times acting from offices located in this judicial district, has systematically and

continuously directed the business operations and actions of Florida Fame, Inc., including the

wrongful actions described herein. Upon further information and belief, Defendant Lee is the

owner and an officer and/or director of Florida Fame, Inc.

17.     Upon information and belief, Defendant Fame of Georgia, Inc. is a corporation

duly organized and existing under the laws of the State of Georgia, and maintains an office

located at 477 South Dean Street, Englewood, New Jersey 07631. Upon further information and

belief, Fame of NY, at all times acting from offices located in this judicial district, has

systematically and continuously directed the business operations and actions of Fame of Georgia,

Inc., including the wrongful actions described herein. Upon further information and belief,

Defendant Lee is the owner and an officer and/or director of Fame of Georgia, Inc.

18.     Upon information and belief, Defendant Fame of Indiana, Inc. is a corporation

duly organized and existing under the laws of the State of Indiana, and maintains an office

located at 10202 E. Washington St., Ste #454A, Indianapolis, Indiana 46229. Upon further

information and belief, Fame of NY, at all times acting from offices located in this judicial

district, has systematically and continuously directed the business operations and actions of

6

Fame of Indiana, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Indiana, Inc.

19.    Upon information and belief, Defendant Fame of Louisiana, Inc. is a corporation duly organized and existing under the laws of the State of Louisiana, and maintains an office located at 1401 W. Esplanade Ave., #108, Kenner, Louisiana 70065. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Louisiana, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Louisiana, Inc.

20.    Upon information and belief, Defendant Fame of Michigan, Inc. is a corporation duly organized and existing under the laws of the State of Michigan, and maintains an office located at 688 W 14 Mile Road, Troy, Michigan 48083. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Michigan, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Michigan, Inc.

21.    Upon information and belief, Defendant Fame of Minnesota, Inc. is a corporation duly organized and existing under the laws of the State of Minnesota, and maintains an office located at 1108 Brookdale Space #20C, Brooklyn Center, Minnesota 55430. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Minnesota, Inc., including the wrongful actions described herein. Upon further

information and belief, Defendant Lee is the owner and an officer and/or director of Fame of

Minnesota, Inc.

22.     Upon information and belief, Defendant Fame of Missouri, Inc. is a corporation

duly organized and existing under the laws of the State of Missouri, and maintains an office

located at 5555 St. Louis Blvd. St #310, Hazelwood, Missouri 63042.  Upon further information

and belief, Fame of NY, at all times acting from offices located in this judicial district, has

systematically and continuously directed the business operations and actions of Fame of

Missouri, Inc., including the wrongful actions described herein.  Upon further information and

belief, Defendant Lee is the owner and an officer and/or director of Fame of Missouri, Inc.

23.     Upon information and belief, Defendant Fame of Mississippi, Inc. is a corporation

duly organized and existing under the laws of the State of Mississippi, and maintains an office

located at 1216 Metrocenter, Jackson, Mississippi 39201.  Upon further information and belief,

Fame of NY, at all times acting from offices located in this judicial district, has systematically

and continuously directed the business operations and actions of Fame of Mississippi, Inc.,

including the wrongful actions described herein.  Upon further information and belief, Defendant

Lee is the owner and an officer and/or director of Fame of Mississippi, Inc.

24.     Upon information and belief, Defendant Fame of Ohio, Inc. is a corporation duly

organized and existing under the laws of the State of Ohio, and maintains an office located at

2712 Eastland Mall, SP #B10, Columbus, Ohio 43232.  Upon further information and belief,

Fame of NY, at all times acting from offices located in this judicial district, has systematically

and continuously directed the business operations and actions of Fame of Ohio, Inc., including

the wrongful actions described herein.  Upon further information and belief, Defendant Lee is the

owner and an officer and/or director of Fame of Ohio, Inc.

25.     Upon information and belief, Defendant Fame of Oklahoma, Inc. is a corporation duly organized and existing under the laws of the State of Oklahoma, and maintains an office located at 2108 Crossroads Blvd., St. 2108, Oklahoma City, Oklahoma 73149. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Oklahoma, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Oklahoma, Inc.

26.     Upon information and belief, Defendant Fame of Oregon, Inc. is a corporation duly organized and existing under the laws of the State of Oklahoma, and maintains an office located at 914 Lloyd Ctr. Unit B116, Portland, Oregon 97232. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Oregon, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Oregon, Inc.

27.     Upon information and belief, Defendant Fame of Pennsylvania, Inc. is a corporation duly organized and existing under the laws of the State of Pennsylvania, and maintains an office located at Monroeville Mall Space #205, Monroeville, Pennsylvania 15146. Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Pennsylvania, Inc., including the wrongful actions described herein. Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Pennsylvania, Inc.

9

28.     Upon information and belief, Fame of Tennessee, Inc. is a corporation duly organized and existing under the laws of the State of Tennessee, and maintains an office located at 5252 Hickory Hollow, Pkwy Ste 2115, Antioch, Tennessee 37013.  Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Tennessee, Inc., including the wrongful actions described herein.  Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Tennessee, Inc.

29.     Upon information and belief, Defendant Texas Fame, Inc. is a corporation duly organized and existing under the laws of the State of Texas, and maintains an office located at 6155 Eastex Freeway #688, Beaumont, Texas 77706.  Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Texas Fame, Inc., including the wrongful actions described herein.  Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Texas Fame, Inc.

30.     Upon information and belief, Defendant Fame of Washington, Inc. is a corporation duly organized and existing under the laws of the State of Washington, and maintains an office located at 18012 SE 16th Street, Vancouver, Washington 98683.  Upon further information and belief, Fame of NY, at all times acting from offices located in this judicial district, has systematically and continuously directed the business operations and actions of Fame of Washington, Inc., including the wrongful actions described herein.  Upon further information and belief, Defendant Lee is the owner and an officer and/or director of Fame of Washington, Inc.

31.     Upon information and belief, Defendant Lee is an individual residing at 10 Lakeview Drive, Old Tappan, New Jersey 07675 and having an office located at 477 South Dean Street, Englewood, New Jersey 07631.  Upon further information and belief, Defendant Lee is the owner of the Store Defendants, and is the moving, active, conscious force directing Defendants' wrongful actions described herein.  Accordingly, Defendant Lee is personally responsible and individually liable for the wrongful actions of Defendants as described herein.

32.     Upon information and belief, Defendants John Does 1-10 are individuals and/or entities whose conduct is the subject of this action, but whose identities or locations are unknown.  Such individuals and/or entities are believed to operate and/or direct the activities of other retail and/or wholesale operations engaged in the wrongful actions described herein.

## SWEET PEOPLE'S BUSINESS

33.     Sweet People manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the Miss Me brand name.  Sweet People's line of Miss Me brand jeanswear products are sold at retail by such well-known fashion retailers and department stores as Macy's, Dillard's and The Buckle, both in-store and online.

34.     Over the past several years, the Miss Me brand of jeanswear and denim products has become very popular in the highly competitive jeanswear market.  Due to its popularity, Sweet People's Miss Me jeanswear has received extensive media coverage and has appeared in numerous widely circulated fashion magazines, including *In Style, Elle, Glamour, Lucky, 944 Magazine, Harper's Bazaar, Lucky, Teen Vogue* and *Nylon*.  In addition, celebrities such as Miley Cyrus, Paris Hilton and Beyonce have been photographed wearing Miss Me jeanswear.

11

35.     Among the many elements that identify Miss Me brand jeanswear products and distinguish them from the products of Sweet People's competitors are the unique and distinctive designs created by Sweet People and either used in connection with, embroidered onto and/or otherwise affixed to its jeanswear products. Such designs are used repeatedly by Sweet People on or in connection with its Miss Me brand of jeanswear products and have come to exclusively identify Sweet People as the source of such products.

36.     Among Sweet People's most important assets are the intellectual property rights it owns in and to the unique and distinctive designs used on and in connection with its Miss Me line of jeanswear products. Such designs, which are subject to copyright, trademark and/or trade dress protection, include Sweet People's Trade Dress Design, Sparkle Cross Design, Wing Design, Beaded Cross Design, Silver Studded Fleur de Lis Design, Ebony Studded Fleur de Lis Design, and the Love Life For Every Occasion Hang Tag Design.

## THE SWEET PEOPLE COPYRIGHTED DESIGNS

37.     Sweet People owns U.S. copyright registrations covering the unique and innovative designs that it uses on and in connection with its Miss Me line of jeanswear products.

38.     Among the U.S. copyright registrations owned by Sweet People covering the unique and distinctive designs which appear on or in connection with its Miss Me brand of jeanswear products are the following:

(a)     U.S. Copyright Registration No. VA 1-716-852, issued on May 26, 2010 for Sweet People's Sparkle Cross Design. A copy of the registration certificate for Sweet People's Sparkle Cross Design, along with a photograph of that design, are attached hereto as Exhibit A.

(b)     U.S. Copyright Registration No. VA 1-733-502, issued on September 3, 2010, for Sweet People's Wing Design.  A copy of the registration certificate for Sweet People's Wing Design, along with a photograph of that design, are attached hereto as Exhibit B.

(c)     U.S. Copyright Registration No. VA 1-741-621, issued on September 28, 2010 for Sweet People's Beaded Cross Design.  A copy of the registration certificate for Sweet People's Beaded Cross Design, along with a photograph of that design, are attached hereto as Exhibit C.

(d)     U.S. Copyright Registration No. VA 1-755-678, issued on February 7, 2011 for Sweet People's Silver Studded Fleur de Lis Design.  A copy of the registration certificate for Sweet People's Silver Studded Fleur de Lis Design, along with a photograph of that design, are attached hereto as Exhibit D.

(e)     U.S. Copyright Registration No. VA 1-755-679, issued on February 7, 2011, for Sweet People's Ebony Studded Fleur de Lis Design.  A copy of the registration certificate for Sweet People's Ebony Studded Fleur de Lis Design, along with a photograph of that design, are attached hereto as Exhibit E.

(f)     U.S. Copyright Registration No. VA-1-755-681, issued on February 7, 2011 for Sweet People's Love Life For Every Occasion Hang Tag Design.  A copy of the registration certificate for Sweet People's Sweet People's Love Life For Every Occasion Hang Tag Design, along with a photograph of that design, are attached hereto as Exhibit F.

39.     The foregoing copyrighted designs shall hereinafter be referred to collectively as the "Sweet People Copyrights."

13

40.     Sweet People owns all right, title and interest in and to the Sweet People

Copyrights, which constitute original and copyrightable subject matter under the U.S. Copyright

Act.

41.     Sweet People has duly complied with all relevant requirements of the U.S.

Copyright Act with respect to the Sweet People Copyrights.

## THE SWEET PEOPLE TRADEMARKS

42.     Among the trademarks owned and used by Sweet People is the famous MISS ME

trademark.  The MISS ME trademark is the subject of U.S. Trademark Registration No.

3,116,485, registered on July 18, 2006, for, jeanswear products (the "MISS ME Trademark").

U.S. Trademark Registration No. 3,116,485 is in full force and effect.  A copy of the registration

certificate for the MISS ME Trademark is attached hereto as Exhibit G.

43.     As a result of Sweet People's uninterrupted and continuing promotion and sale of

Sweet People's jeanswear products under the MISS ME Trademark, and the widespread editorial

coverage of such products, the MISS ME Trademark has developed a strong secondary meaning

among consumers and the trade.  Accordingly, the MISS ME Trademark immediately identifies

Sweet People as the exclusive source of products sold under the MISS ME Trademark, and

signifies goodwill of incalculable value.

44.     Sweet People also owns trademark rights in the unique and innovative designs

that it uses on and in connection with its Miss Me brand of jeanswear products.

45.     Among the design trademarks owned and used by Sweet People is a distinctive

sparkle cross design embroidered onto the rear pocket of its Miss Me line of jeanswear products

(the "SPARKLE CROSS DESIGN Trademark").  A photograph of the SPARKLE CROSS

DESIGN Trademark used by Sweet People on its Miss Me line of jeanswear products is attached hereto as Exhibit H.

46.     Among the design trademarks owned and used by Sweet People is a distinctive angel wing design embroidered onto the rear pocket of its Miss Me line of jeanswear products (the "WING DESIGN Trademark"). A photograph of the WING DESIGN Trademark used by Sweet People on its Miss Me line of jeanswear products is attached hereto as Exhibit I.

47.     Among the design trademarks owned and used by Sweet People is a distinctive beaded cross design embroidered onto the rear pocket of its Miss Me line of jeanswear products (the "BEADED CROSS DESIGN Trademark"). A photograph of the BEADED CROSS DESIGN Trademark used by Sweet People on its Miss Me line of jeanswear products is attached hereto as Exhibit J.

48.     Among the design trademarks owned and used by Sweet People is a distinctive silver studded fleur de lis design embroidered onto the rear pocket of its Miss Me brand of jeanswear products (the "SILVER STUDDED FLEUR DE LIS DESIGN Trademark"). A photograph of the SILVER STUDDED FLEUR DE LIS DESIGN Trademark used by Sweet People on its Miss Me line of jeanswear products is attached hereto as Exhibit K.

49.     Among the design trademarks owned and used by Sweet People is a distinctive ebony studded fleur de lis design embroidered onto the rear pocket of its Miss Me brand of jeanswear products (the "EBONY STUDDED FLEUR DE LIS DESIGN Trademark"). A photograph of the EBONY STUDDED FLEUR DE LIS DESIGN Trademark used by Sweet People on its Miss Me line of jeanswear products is attached hereto as Exhibit L.

50.     Among the design trademarks owned and used by Sweet People is a distinctive hang tag design, consisting of a combination of original graphic artwork and textual material,

15

used in connection with the sale of its Miss Me brand of jeanswear products (the "LOVE LIFE

FOR EVERY OCCASION HANG TAG DESIGN Trademark"). A photograph of the LOVE

LIFE FOR EVERY OCCASION HANG TAG DESIGN Trademark used by Sweet People in

connection with its Miss Me line of jeanswear products is attached hereto as Exhibit M.

51.     Sweet People's SPARKLE CROSS DESIGN, WING DESIGN, BEADED

CROSS DESIGN, SILVER STUDDED FLEUR DE LIS DESIGN, EBONY STUDDED FLEUR

DE LIS DESIGN and LOVE LIFE FOR EVERY OCCASION HANG TAG DESIGN

Trademarks are hereinafter collectively referred to as the "Sweet People Design Marks."

52.     In addition to being, in and of themselves, highly distinctive designs, as a result of

Sweet People's uninterrupted and continuing promotion and sale of Sweet People's line of Miss

Me brand jeanswear products bearing the Sweet People Design Marks, and the widespread

editorial coverage of such products, the Sweet People Design Marks have acquired

distinctiveness, and have developed a strong secondary meaning among consumers and the trade.

Accordingly, such designs immediately identify Sweet People as the exclusive source of

products bearing the Sweet People Design Marks, and signify goodwill of incalculable value.

## THE SWEET PEOPLE TRADE DRESS

53.     Sweet People is also the owner of a unique and distinctive trade dress appearing

on the front of certain styles of its Miss Me jeanswear (the "Sweet People Trade Dress"). The

Sweet People Trade Dress consists of the following combination of design elements:

> (a)     Two parallel lines of stitching appearing on the fly area of the jeans
>
> creating a "J" shape, with the upper portion of the stitching being wider than the
>
> lower portion; and

16

(b)    Two vertical lines of stitching running down the side seams of the jeans,

angling in a "V" shape closer together at the lowest point, with the outer stitching

ending with a bar tack.

54.    A photograph of the aforesaid Sweet People Trade Dress as used on certain styles

of its Miss Me jeanswear is attached hereto as Exhibit N.

55.    The Sweet People Trade Dress has been in use by Sweet People for many years.  In

addition to being, in and of itself, highly distinctive, as a result of broad media exposure, and the

uninterrupted and continuing promotion and sale of Miss Me jeanswear bearing the Sweet

People Trade Dress, the Sweet People Trade Dress has acquired distinctiveness, and has

developed a strong secondary meaning among consumers and the trade, such that consumers

immediately identify Sweet People as the exclusive source of products bearing the Sweet People

Trade Dress, signifying goodwill of incalculable value.

56.    The Sweet People Trade Dress is not functional.  The various design elements,

while serving to create a unique and distinct appearance that is both visually appealing and

source-identifying, are not essential to the use or purpose of the jeans, do not affect the cost or

quality of the jeans, and place no competitors at a significant non-reputation-related

disadvantage.

57.    The Sweet People Copyrights, MISS ME Trademark, Sweet People Design Marks

and Sweet People Trade Dress are hereinafter collectively referred to as the "Sweet People

Protected Designs."

## MEK DENIM'S BUSINESS

58.    MEK Denim manufactures, promotes, sells and distributes high-quality jeanswear

and denim products throughout the United States, including in this judicial district, under the

17

"MEK Denim" brand name.

59.    MEK Denim jeanswear products are sold at retail by such well-known fashion chain stores such as The Buckle and Metropark, both in-store and online, in hundreds of fashion boutiques, and in famous department stores such as Macy's and Nordstrom. MEK Denim brand jeanswear have become very popular in the highly competitive jeanswear market. Among the many elements that distinguish MEK Denim's jeanswear from its competitors are a series of design elements embroidered onto the jeanswear products that are used exclusively on MEK Denim jeanswear, and which have come to identify MEK Denim as the source of such products.

60.    MEK Denim jeanswear and the design elements that distinguish it from its competitors have been featured in numerous media articles. Due to its popularity, MEK Denim jeanswear has received extensive media coverage and has appeared in numerous widely circulated fashion magazines, including *In Style, Elle, US Weekly, Lucky, Glamour, Girls Life* and *Nylon.* In addition, celebrities such as Adam Sandler, Samuel L. Jackson, Joey Fatone, Tyrese Gibson, Carrie Underwood, Katherine Heigl and Kendra Wilkinson have been photographed wearing MEK Denim jeanswear.

## MEK DENIM'S M DESIGN MARK

61.    Among the design elements used by MEK Denim on MEK Denim brand jeanswear is a distinctive "M" Design embroidered onto the rear pocket of MEK Denim jeanswear (the "M DESIGN Trademark").

62.    The M DESIGN Trademark has been in use by MEK Denim since 2005. In addition to being, in and of itself, highly distinctive, the M DESIGN Trademark has, through extensive sales, promotion and media coverage of MEK Denim jeanswear, come to identify MEK Denim as the exclusive source of such products. As a result of MEK Denim's broad media

exposure, and the uninterrupted and continuing promotion and sale of MEK Denim jeanswear

bearing the M DESIGN Trademark, the design has acquired distinctiveness, and has developed a

strong secondary meaning among consumers and the trade, immediately identifying MEK Denim

as the exclusive source of products bearing the M DESIGN Trademark, and signifying goodwill

of incalculable value.

63.     The M DESIGN Trademark is the subject of U.S. Trademark Registration No.

3,613,153, issued on April 28, 2009 for jeans.  MEK Denim's trademark registration for the M

DESIGN Trademark is in full force and effect.  A copy of the registration certificate for the M

DESIGN Trademark, along with a photograph of the M DESIGN Trademark as used by MEK

Denim in connection with its MEK Denim line of jeanswear products, are attached hereto as

Exhibit O.  The M DESIGN Trademark is inherently distinctive, nonfunctional, and serves to

identify MEK Denim as the source/origin of the jeanswear products on which it appears.

### TRUE RELIGION'S BUSINESS

64.     True Religion manufactures, promotes, sells and distributes high-quality jeanswear

and denim products throughout the United States, including in this judicial district, under the

"True Religion" brand name.

65.     The True Religion brand was the creation of husband and wife designers Jeffrey

and Kym Lubell, who combined his love of classic rock and her love of hip-hop and R&B music

to produce a trendsetting line of denim apparel.  The True Religion line was introduced in 2002

to consumers around the world, and has achieved meteoric success among fashion-conscious

consumers.

66.     Among the many elements that distinguish True Religion's jeanswear from its

competitors are certain design elements embroidered onto the jeanswear products that are used

ME1 11404691v.1

exclusively on True Religion jeanswear, and which have come to identify True Religion as the source of such products.

67.    True Religion jeanswear and the design elements that distinguish it from its competitors have been featured in numerous media articles. Due to its popularity, True Religion jeanswear has received extensive media coverage and has appeared in numerous widely circulated newspapers and magazines, including *Elle, Bazaar, In Style, New York Times, Los Angeles Magazine, GQ, Men's Health, People, Rolling Stone, US Weekly, Lucky, Teen People, Teen Vogue and Vogue.* In addition, celebrities and entertainers such as Kate Beckinsale, David Beckham, Sarah Chalke, Courtney Cox, Faith Evans, Jennifer Garner, Heather Graham, Kate Hudson, Angelina Jolie, Heidi Klum, Nick Lachey, Jennifer Lopez, Madonna, Chad Michael Murray, Gwyneth Paltrow, Jessica Simpson, Jada Pinkett Smith, Gwen Stafani, Justin Timberlake, Usher, Bruce Willis, and the cast of Desperate Housewives are among the many enthusiasts of True Religion jeanswear.

## TRUE RELIGION'S U DESIGN MARK

68.    Among the design elements used by True Religion on True Religion brand jeanswear is a distinctive "U" Design used in association with the sale of goods, including jeanswear (the "U DESIGN Trademark").

69.    The U DESIGN Trademark has been in use by True Religion since 2002. In addition to being, in and of itself, highly distinctive, the U DESIGN Trademark has, through extensive sales, promotion and media coverage of True Religion jeanswear, come to identify True Religion as the exclusive source of such products. As a result of True Religion's broad media exposure, and the uninterrupted and continuing promotion and sale of True Religion products bearing the U DESIGN Trademark, the design has acquired distinctiveness, and has

developed a strong secondary meaning among consumers and the trade, immediately identifying

True Religion as the exclusive source of products bearing the U DESIGN Trademark, and

signifying goodwill of incalculable value.

70.     The U DESIGN Trademark is the subject of U.S. Trademark Registration Nos.

3,147,244; 3,561,465; 3,561,705; 3,561,466; 3,565,180 and 3,568,127.  True Religion's

trademark registration for the U DESIGN Trademark is in full force and effect.  A copy of the

registration certificates for the U DESIGN Trademark, along with a photograph of the U

DESIGN Trademark as used by True Religion in connection with its True Religion line of

jeanswear products, are attached hereto as Exhibit P.  The U DESIGN Trademark is inherently

distinctive, nonfunctional, and serves to identify True Religion as the source of origin of the

jeanswear products on which it appears.

## DEFENDANTS' UNLAWFUL ACTS

71.     Upon information and belief, Fame is in the business of manufacturing, offering

for sale and selling jeanswear and denim products in retail locations located in major shopping

malls throughout the United States under its brand name FAME.

72.     Upon information and belief, long after Plaintiffs obtained exclusive rights in the

Sweet People Protected Designs, MEK Denim's M DESIGN Trademark, and True Religion's U

DESIGN Trademark, Fame deliberately designed, manufactured, imported, advertised,

promoted, distributed, sold and/or offered for sale, without authorization or license from

Plaintiffs, jeanswear products bearing designs that are identical, substantially indistinguishable

from, and/or strikingly similar to each of the Sweet People Protected Designs, MEK Denim's M

DESIGN Trademark and True Religion's U DESIGN Trademark (the "Infringing Designs").

Indeed, Fame has so faithfully reproduced Plaintiffs' jeanswear products and designs that in

certain instances it has even copied the appearance and text of the copyrighted, original and distinctive hang tags and labels Plaintiffs use on certain of their products. Fame's jeanswear products bearing the infringing designs are of lesser quality and are priced substantially lower than their Miss Me, MEK Denim and True Religion counterparts.

73.    As a result, in addition to unlawfully copying and appropriating Sweet People, MEK Denim's and True Religion's protected designs, Fame's jeanswear products bearing the Infringing Designs are likely to cause consumers, either at the point-of-sale or post-sale, to believe that products bearing the Infringing Designs are authorized, sponsored, approved, endorsed and/or licensed by Sweet People, MEK Denim or True Religion, as the case may be, or are in some other way affiliated, associated, or connected with Sweet People, MEK Denim or True Religion.

74.    Upon information and belief, Fame was aware of the fact that the Sweet People Protected Designs, the M DESIGN Trademark and the U DESIGN Trademark were original creations of Sweet People, MEK Denim and True Religion at the time they began using the Infringing Designs on their jeanswear products. Accordingly, upon information and belief, Fame has been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Sweet People's rights in the Sweet People Protected Designs, MEK Denim's rights in the M DESIGN Trademark and True Religion's rights in the U DESIGN Trademark.

75.    Upon information and belief, Fame is manufacturing, distributing, advertising, promoting, offering for sale and/or selling, and/or is causing to be manufactured, distributed, advertised, promoted, offered for sale and/or sold, without authorization or license, inferior quality jeanswear products bearing the Infringing Designs at prices substantially below the retail

prices at which Plaintiffs' products bearing such identifying marks and designs are sold, in an

effort to induce consumers into thinking either that they are purchasing Plaintiffs' products, or

that Fame's products will appear to others to be Plaintiffs' products.

76.    Upon information and belief, Fame intends to continue to manufacture, distribute,

advertise, promote, offer for sale and/or sell jeanswear products bearing the Infringing Designs,

unless otherwise restrained by this Court.

77.    Upon information and belief, Fame is deliberately and intentionally using the

statutory notice symbol (R) in connection with its brand name FAME with the knowledge that it

is not now and has never been a federally registered trademark.

78.    Upon information and belief, Defendant Lee was the moving, active, conscious

force directing all of Defendants' foregoing unlawful actions.

79.    Unless Defendants' conduct is enjoined, such conduct will diminish the value of

Sweet People's valuable intellectual property rights, and severely inhibit and/or destroy the

ability of the Sweet People Protected Designs to identify Sweet People as the exclusive source of

goods to which they are affixed.

80.    Unless Defendants' conduct is enjoined, such conduct will diminish the value of

MEK Denim's valuable intellectual property rights, and severely inhibit and/or destroy the

ability of the M DESIGN Trademark to identify MEK Denim as the exclusive source of goods to

which they are affixed.

81.    Unless Defendants' conduct is enjoined, such conduct will diminish the value of

True Religion's valuable intellectual property rights, and severely inhibit and/or destroy the

ability of the U DESIGN Trademark to identify True Religion as the exclusive source of goods

to which they are affixed.

23

82.     For purposes of comparison, true and correct photographs of the Sweet People Protected Designs and Fame's corresponding Infringing Designs are attached hereto as Exhibit Q.

83.     For purposes of comparison, true and correct photographs of MEK Denim's M DESIGN Trademark and Fame's corresponding Infringing Designs are attached hereto as Exhibit R.

84.     For purposes of comparison, true and correct photographs of True Religion's U DESIGN Trademark and Fame's corresponding Infringing Designs are attached hereto as Exhibit S.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (BY PLAINTIFF SWEET PEOPLE)

85.     The allegations set forth in paragraphs 1 through 84 hereof are adopted and incorporated by reference as if fully set forth herein.

86.     Sweet People is the owner of a U.S. copyright registration No. VA 1-716-852 for the Sparkle Cross Design, depicted herein at Exhibit A.

87.     Defendants, without authorization from Sweet People, have distributed, advertised, promoted, sold and offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Sparkle Cross Design.

88.     Defendants thereby have willfully infringed and, upon information and belief, continue to willfully infringe Sweet People's copyright registration for the Sparkle Cross Design.

89.     Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

90. Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright registration for the Sparkle Cross Design and to act in bad faith, unless restrained by this Court.

91. Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (BY PLAINTIFF SWEET PEOPLE)

92. The allegations set forth in paragraphs 1 through 91 hereof are adopted and incorporated by reference as if fully set forth herein.

93. Sweet People is the owner of a U.S. copyright registration No. VA 1-733-502 for the Wing Design, depicted herein at Exhibit B.

94. Defendants, without authorization from Sweet People, have distributed, advertised, promoted, sold and offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Wing Design.

95. Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright registration for the Wing Design.

96. Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

97. Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright registration for the Wing Design and to act in bad faith, unless restrained by this Court.

25

98. Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (BY PLAINTIFF SWEET PEOPLE)

99. The allegations set forth in paragraphs 1 through 98 hereof are adopted and incorporated by reference as if fully set forth herein.

100. Sweet People is the owner of a U.S. copyright registration No. VA 1-741-621 for the Beaded Cross Design, depicted herein at Exhibit C.

101. Defendants, without authorization from Sweet People, have distributed, advertised, promoted, sold and offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Beaded Cross Design.

102. Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright registration for the Beaded Cross Design.

103. Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

104. Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright registration for the Beaded Cross Design and to act in bad faith, unless restrained by this Court.

105. Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

26

## FOURTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (BY PLAINTIFF SWEET PEOPLE)

106.    The allegations set forth in paragraphs 1 through 105 hereof are adopted and incorporated by reference as if fully set forth herein.

107.    Sweet People is the owner of a U.S. copyright registration No. VA 1-755-678 for the Silver Studded Fleur de Lis Design, depicted herein at Exhibit D.

108.    Defendants, without authorization from Sweet People, have distributed, advertised, promoted, sold and offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Silver Studded Fleur de Lis Design.

109.    Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright registration for the Silver Studded Fleur de Lis Design.

110.    Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

111.    Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright registration for the Silver Studded Fleur de Lis Design and to act in bad faith, unless restrained by this Court.

112.    Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

ME1 11404691v.1

## FIFTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (BY PLAINTIFF SWEET PEOPLE)

113.    The allegations set forth in paragraphs 1 through 112 hereof are adopted and incorporated by reference as if fully set forth herein.

114.    Sweet People is the owner of a U.S. copyright registration No. VA 1-755-679 for the Ebony Studded Fleur de Lis Design, depicted herein at Exhibit E.

115.    Defendants, without authorization from Sweet People, have distributed, advertised, promoted, sold and offered for sale jeanswear products incorporating designs that were copied from and are substantially similar in overall appearance to Sweet People's Ebony Studded Fleur de Lis Design.

116.    Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright registration for the Ebony Studded Fleur de Lis Design.

117.    Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which it is not in law or in equity entitled.

118.    Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright registration for the Ebony Studded Fleur de Lis Design and to act in bad faith, unless restrained by this Court.

119.    Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

ME1 11404691v.1

## SIXTH CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
## (BY PLAINTIFF SWEET PEOPLE)

120.    The allegations set forth in paragraphs 1 through 119 hereof are adopted and incorporated by reference as if fully set forth herein.

121.    Sweet People is the owner of a U.S. copyright registration No. VA-1-755-681 for the Love Life For Every Occasion Hang Tag Design, depicted herein at Exhibit F.

122.    Defendants, without authorization from Sweet People, have distributed, advertised, promoted, sold and offered for sale jeanswear products using a hang tag design that was copied from and is substantially similar in overall appearance to Sweet People's Love Life For Every Occasion Hang Tag Design.

123.    Defendants thereby have willfully infringed and, upon information and belief, are continuing to willfully infringe Sweet People's copyright registration for the Love Life For Every Occasion Hang Tag Design.

124.    Upon information and belief, by their acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

125.    Upon information and belief, Defendants intend to continue their willful conduct, and will continue to willfully infringe Sweet People's copyright registration for the Love Life For Every Occasion Hang Tag Design and to act in bad faith, unless restrained by this Court.

126.    Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

29

## SEVENTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)
## (BY PLAINTIFF SWEET PEOPLE)

127.    The allegations set forth in paragraphs 1 through 126 hereof are adopted and incorporated by reference as if fully set forth herein.

128.    By their acts alleged herein, Defendants are using a mark, on their aforementioned infringing hang tag, that is substantially indistinguishable from the MISS ME Trademark, and have infringed and/or counterfeited, and continue to infringe and/or counterfeit, the MISS ME Trademark, in violation of 15 U.S.C. § 1114.

129.    Upon information and belief, Defendants' use of a mark that is substantially indistinguishable from the MISS ME Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing and/or counterfeited mark, or as to a possible affiliation, connection or association between Sweet People and Defendants.

130.    Upon information and belief, Defendants have acted with knowledge of Sweet People's ownership of the MISS ME Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

131.    Defendants' acts constitute willful trademark infringement and/or trademark counterfeiting in violation of 15 U.S.C. § 1114.

132.    Upon information and belief, by their actions, Defendants intend to continue their infringing conduct, and to willfully infringe and/or counterfeit Sweet People's MISS ME Trademark, unless restrained by this Court.

133.    Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

30

134.   Defendants' acts have damaged and will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)
### (BY PLAINTIFF SWEET PEOPLE)

135.   The allegations set forth in paragraphs 1 through 134 hereof are adopted and incorporated by reference as if fully set forth herein.

136.   Sweet People's SPARKLE CROSS DESIGN, WING DESIGN, BEADED CROSS DESIGN, SILVER STUDDED FLEUR DE LIS DESIGN and EBONY STUDDED FLEUR DE LIS DESIGN Trademarks are inherently distinctive and have acquired strong secondary meaning in the marketplace and immediately indicate Sweet People as the exclusive source of jeanswear products on which they are used.

137.   Defendants, without authorization or approval from Sweet People, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale jeanswear products which contain designs that are identical and/or confusingly similar to Sweet People's SPARKLE CROSS DESIGN, WING DESIGN, BEADED CROSS DESIGN, SILVER STUDDED FLEUR DE LIS DESIGN and EBONY STUDDED FLEUR DE LIS DESIGN Trademarks.

138.   Upon information and belief, Defendants' products bearing designs that are identical and/or confusingly similar to Sweet People's SPARKLE CROSS DESIGN, WING DESIGN, BEADED CROSS DESIGN, SILVER STUDDED FLEUR DE LIS DESIGN and EBONY STUDDED FLEUR DE LIS DESIGN Trademarks have caused, are intended to cause, and are likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing

31

designs, or as to a possible affiliation, connection or association between Sweet People and

Defendants, and/or between Sweet People and the products bearing the infringing designs.

139.    Upon information and belief, Defendants have acted with knowledge of Sweet

People's ownership of the SPARKLE CROSS DESIGN, WING DESIGN, BEADED CROSS

DESIGN, SILVER STUDDED FLEUR DE LIS DESIGN and EBONY STUDDED FLEUR DE

LIS DESIGN Trademarks, and with the deliberate intention to unfairly benefit from the goodwill

symbolized thereby.

140.    Defendants' acts constitute willful trademark infringement in violation of 15

U.S.C. § 1114.

141.    Upon information and belief, by their actions, Defendants intend to continue their

infringing conduct, and to willfully infringe Sweet People's SPARKLE CROSS DESIGN,

WING DESIGN, BEADED CROSS DESIGN, SILVER STUDDED FLEUR DE LIS DESIGN

and EBONY STUDDED FLEUR DE LIS DESIGN Trademarks, unless restrained by this Court.

142.    Upon information and belief, by their willful acts, Defendants have made and will

continue to make substantial profits and gains to which they are not in law or in equity entitled.

143.    Upon information and belief, Defendants' acts have caused and will continue to

cause irreparable harm to Sweet People, and Sweet People has no adequate remedy at law.

### NINTH CLAIM FOR RELIEF
### TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125)
### (BY PLAINTIFF SWEET PEOPLE)

144.    The allegations set forth in paragraphs 1 through 143 hereof are adopted and

incorporated by reference as if fully set forth herein.

145.    Sweet People's LOVE LIFE FOR EVERY OCCASION HANG TAG DESIGN,

depicted herein at Exhibit M, is used in commerce, is non-functional, is inherently distinctive

32

and has acquired strong secondary meaning in the marketplace and immediately indicates Sweet People as the exclusive source of jeanswear products on which it is used.

146.    Defendants, without authorization or approval from Sweet People, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale jeanswear products using a hang tag design that is identical and/or confusingly similar to the LOVE LIFE FOR EVERY OCCASION HANG TAG DESIGN.

147.    Upon information and belief, Defendants' use of a hang tag design that is identical and/or confusingly similar to the LOVE LIFE FOR EVERY OCCASION HANG TAG DESIGN has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing hang tag design, or as to a possible affiliation, connection or association between Sweet People and Defendants, and/or between Sweet People and the products on which the infringing hang tag design is affixed.

148.    Upon information and belief, Defendants have acted with knowledge of Sweet People's ownership of the LOVE LIFE FOR EVERY OCCASION HANG TAG DESIGN, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

149.    Defendants' acts constitute willful trade dress infringement in violation of 15 U.S.C. § 1125(a).

150.    Upon information and belief, by their actions, Defendants intend to continue their infringing conduct, and to willfully infringe Sweet People's LOVE LIFE FOR EVERY OCCASION HANG TAG DESIGN, unless restrained by this Court.

151.    Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

152.   Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Sweet People, and Sweet People has no adequate remedy at law.

### TENTH CLAIM FOR RELIEF
### TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125)
### (BY PLAINTIFF SWEET PEOPLE)

153.   The allegations set forth in paragraphs 1 through 152 hereof are adopted and incorporated by reference as if fully set forth herein.

154.   The Sweet People Trade Dress, depicted herein at Exhibit N, is used in commerce, is non-functional, has acquired strong secondary meaning in the marketplace, and immediately indicates Sweet People as the exclusive source of jeanswear products on which it is used.

155.   Defendants, without authorization or approval from Sweet People, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale jeanswear which contains a combination of design elements that are identical to, and confusingly similar with the design elements used by Sweet People that comprise the Sweet People Trade Dress — *i.e.*, the Infringing Sweet People Trade Dress.

156.   Upon information and belief, Defendants' products bearing the Infringing Sweet People Trade Dress are intended to cause and are likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing the Infringing Sweet People Trade Dress, or as to a possible affiliation, connection or association between Sweet People and Defendants, and/or between Sweet People and the products bearing the Infringing Sweet People Trade Dress.

MEI 11404691v.1

157.   Upon information and belief, Defendants have acted with knowledge of Sweet People's rights in the Sweet People Trade Dress, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

158.   Defendants' acts constitute willful trade dress infringement in violation of 15 U.S.C. § 1125(a).

159.   Upon information and belief, by their actions, Defendants intend to continue their infringing conduct, and to willfully infringe the Sweet People Trade Dress, unless restrained by this Court.

160.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

161.   Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Sweet People, and Sweet People has no adequate remedy at law.

### ELEVENTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114) (BY PLAINTIFF MEK DENIM)

162.   The allegations set forth in paragraphs 1 through 161 hereof are adopted and incorporated by reference as if fully set forth herein.

163.   By their acts alleged herein, Defendants are using a mark that is substantially indistinguishable from the M DESIGN Trademark, and have infringed and/or counterfeited, and continue to infringe and/or counterfeit, the M DESIGN Trademark, in violation of 15 U.S.C. § 1114.

164.   Upon information and belief, Defendants' use of a mark that is substantially indistinguishable from the M DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and

35

the trade as to the source of Defendants' products bearing such infringing and/or counterfeited mark, or as to a possible affiliation, connection or association between MEK Denim and Defendants.

165.    Upon information and belief, Defendants have acted with knowledge of MEK Denim's ownership of the M DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

166.    Defendants' acts constitute willful trademark infringement and/or trademark counterfeiting in violation of 15 U.S.C. § 1114.

167.    Upon information and belief, by their actions, Defendants intend to continue their infringing conduct, and to willfully infringe and/or counterfeit MEK Denim's M DESIGN Trademark, unless restrained by this Court.

168.    Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

169.    Defendants' acts have damaged and will continue to irreparably damage MEK Denim, and MEK Denim has no adequate remedy at law.

### TWELFTH CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)
### (BY PLAINTIFF TRUE RELIGION)

170.    The allegations set forth in paragraphs 1 through 169 hereof are adopted and incorporated by reference as if fully set forth herein.

171.    By their acts alleged herein, Defendants are using a mark that is substantially indistinguishable from the U DESIGN Trademark, and have infringed and/or counterfeited, and continue to infringe and/or counterfeit, the U DESIGN Trademark, in violation of 15 U.S.C. § 1114.

ME1 11404691v.1

172.   Upon information and belief, Defendants' use of a mark that is substantially indistinguishable from the U DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such infringing and/or counterfeited mark, or as to a possible affiliation, connection or association between True Religion and Defendants.

173.   Upon information and belief, Defendants have acted with knowledge of True Religion's ownership of the U DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

174.   Defendants' acts constitute willful trademark infringement and/or trademark counterfeiting in violation of 15 U.S.C. § 1114.

175.   Upon information and belief, by their actions, Defendants intend to continue their infringing conduct, and to willfully infringe and/or counterfeit True Religion's U DESIGN Trademark, unless restrained by this Court.

176.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

177.   Defendants' acts have damaged and will continue to irreparably damage True Religion, and True Religion has no adequate remedy at law.

## THIRTEENTH CLAIM FOR RELIEF
## FALSE ADVERTISING (15 U.S.C. § 1125)
## (BY PLAINTIFFS SWEET PEOPLE AND MEK DENIM)

178.   The allegations set forth in paragraphs 1 through 177 hereof are adopted and incorporated by reference as if fully set forth herein.

37

179.    Upon information and belief, Defendants are deliberately and intentionally using the statutory notice symbol (R) in connection with its brand name FAME on labels and hang tags affixed to products bearing the Infringing Designs, including without limitation the hang tag depicted herein at Exhibit Q, with the knowledge that FAME is not now and has never been a federally registered trademark.  Use of the statutory notice (R) adjacent to a mark that is not federally registered has been judicially recognized as a form of false advertising.

180.    Defendants' use of the statutory notice (R) immediately adjacent to the brand name FAME on labels and hang tags affixed to product bearing the Infringing Designs is intended to convey to the consumer that he or she is buying a federally-registered brand-name product (15 U.S.C. § 1111), a fact likely to influence a consumer's purchasing decision.

181.    Defendants' conduct as aforementioned constitutes willful false advertising, and/or false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

182.    Upon information and belief, by their actions, Defendants intend to continue to falsely advertise their products as aforesaid, unless restrained by this Court.

183.    Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

184.    Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

## FOURTEENTH CLAIM FOR RELIEF
## FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125)
## (BY ALL PLAINTIFFS)

185.    The allegations set forth in paragraphs 1 through 184 hereof are adopted and incorporated by reference as if fully set forth herein.

38

186.   Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark are all "famous" marks within the meaning of 15 U.S.C. § 1125(c).

187.   Defendants' use of Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark on and in connection with the sale of its jeanswear products, after these marks became famous, has caused and will continue to cause dilution and disparagement of the distinctive quality of Plaintiffs' marks, and has lessened and will continue to lessen the capacity of these marks to identify and distinguish the goods and services of Plaintiffs, all in violation of 15 U.S.C. §1125(c).

188.   Upon information and belief, by their actions, Defendants willfully intended to trade on the reputation of Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark, or to cause dilution of these marks.

189.   Upon information and belief, by their actions, Defendants intend to continue to willfully dilute Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark as aforesaid, unless restrained by this Court.

190.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

191.   Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

<u>**FIFTEENTH CLAIM FOR RELIEF**</u>
<u>**TRADEMARK COUNTERFEITING (N.J.S.A. § 56:3-13.16)**</u>
<u>**(BY ALL PLAINTIFFS)**</u>

192.   The allegations set forth in paragraphs 1 through 191 hereof are adopted and incorporated by reference as if fully set forth herein.

193.     Defendants have used, without Plaintiffs' consent, reproductions, counterfeits, copies, or colorable imitations of Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark in connection with the sale, distribution, offering for sale or advertising of jeanswear products.

194.     Upon information and belief, Defendants' use of marks that are substantially indistinguishable from Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' products bearing such counterfeited mark, or as to a possible affiliation, connection or association between Sweet People, MEK Denim and True Religion, as the case may be, and Defendants.

195.     Defendants' acts constitute willful trademark counterfeiting in violation of N.J.S.A. § 56:3-13.16.

196.     Upon information and belief, by their actions, Defendants intend to continue their infringing conduct, and to willfully infringe Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark, unless restrained by this Court.

197.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

198.     Defendants' acts have damaged and will continue to irreparably damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

40

## SIXTEENTH CLAIM FOR RELIEF
## UNFAIR COMPETITION (N.J. S.A. § 56:4-1 ET SEQ.)
## (BY ALL PLAINTIFFS)

199.   The allegations set forth in paragraphs 1 through 198 hereof are adopted and incorporated by reference as if fully set forth herein.

200.   By undertaking the acts heretofore described, Defendants have appropriated the Sweet People Protected Designs, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark for their own use and benefit, in violation of N.J.S.A. § 56:4-1.

201.   Upon information and belief, Defendants' use of the Infringing Designs on or in connection with the sale of their jeanswear products is part of a willful, deliberate, malicious, systematic and intentional attempt to target Plaintiffs, mislead consumers, and take advantage of the popularity of the Sweet People Protected Designs, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark.

202.   Upon information and belief, by their actions, Defendants intend to continue their willful misappropriation and unfair use of the Sweet People Protected Designs, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark unless restrained by this Court.

203.   Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

204.   Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

## SEVENTEENTH CLAIM FOR RELIEF
## TRADEMARK DILUTION (N.J. S.A. § 56:3-13.20)
## (BY ALL PLAINTIFFS)

205.   The allegations set forth in paragraphs 1 through 204 hereof are adopted and incorporated by reference as if fully set forth herein.

ME1 11404691v.1

206. Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark are all "famous" marks within the meaning of N.J.S.A. § 56:3-13.20.

207. Defendants' use of Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark on and in connection with the sale of its jeanswear products, after these marks became famous, has caused and will continue to cause dilution and disparagement of the distinctive quality of Plaintiffs' marks, and has lessened and will continue to lessen the capacity of these marks to identify and distinguish the goods and services of Plaintiffs, all in violation of N.J.S.A. § 56:3-13.20.

208. Upon information and belief, by their actions, Defendants willfully intended to trade on the reputation of Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark, or to cause dilution of these marks.

209. Upon information and belief, by their actions, Defendants intend to continue to willfully dilute Sweet People's MISS ME Trademark, MEK Denim's M DESIGN Trademark and True Religion's U DESIGN Trademark as aforesaid, unless restrained by this Court.

210. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

211. Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

## EIGHTEENTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT
## (BY ALL PLAINTIFFS)

212. The allegations set forth in paragraphs 1 through 211 hereof are adopted and incorporated by reference as if fully set forth herein.

42

MEI 11404691v.1

213.     Defendants' aforesaid conduct constitutes willful trademark infringement in violation of the common law of the State of New Jersey.

214.     Upon information and belief, by their actions, Defendants intend to continue their trademark infringement, unless restrained by this Court.

215.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or in equity entitled.

216.     Upon information and belief, Defendants' acts have caused and will continue to cause irreparable harm to Plaintiffs, and Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.      Finding that, (i) as to Counts 1-6, Defendants engaged in willful copyright infringement against Plaintiff Sweet People in violation of the U.S. Copyright Act, 17 U.S.C. § 501; (ii) as to Count 7, Defendants engaged in willful trademark infringement and/or trademark counterfeiting against Plaintiff Sweet People in violation of the Lanham Act, 15 U.S.C. § 1114; (iii) as to Count 8, Defendants engaged in willful acts of false designation of origin and unfair competition against Plaintiff Sweet People in violation of the Lanham Act, 15 U.S.C. § 1125; (iv) as to Counts 9-10, Defendants engaged in willful trade dress infringement against Plaintiff Sweet People in violation of the Lanham Act, 15 U.S.C. § 1125(a); (v) as to Count 11, Defendants engaged in willful trademark infringement and/or trademark counterfeiting against Plaintiff MEK Denim in violation of the Lanham Act, 15 U.S.C. § 1114; (vi) as to Count 12, Defendants engaged in willful trademark infringement and/or trademark counterfeiting against Plaintiff True Religion in violation of the Lanham Act, 15 U.S.C. § 1114; (vii) as to Count 13, Defendant engaged in acts of false advertising against Plaintiffs Sweet People and MEK Denim in violation of the Lanham Act, 15 U.S.C. § 1125(a); (viii) as to Count 14, Defendant engaged in acts of federal trademark dilution against Plaintiffs in violation of the Lanham Act, 15 U.S.C. § 1125(c); (ix) as to Count 15, Defendants engaged in willful trademark counterfeiting against Plaintiffs in violation of N.J.S.A. § 56:3-13.16; (x) as to Count 16, Defendants engaged in willful unfair competition against Plaintiffs in violation of N.J.S.A. § 56:4-1; (xi) as to Count 17, Defendants engaged in willful trademark dilution against Plaintiffs in violation of N.J.S.A. § 56:3-13.20; (xii) as to Count 18, Defendants engaged in willful trademark infringement against Plaintiffs in violation of the common law of the State of New Jersey.

ME1 11404691v.1

2.      Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil
Procedure; the Lanham Act, 15 U.S.C. § 1116; the U.S. Copyright Act, 17 U.S.C. § 502;
N.J.S.A. § 56:3-13.16(d); N.J.S.A. § 56:3-13.20; and N.J.S.A. § 56:4-2, preliminarily and
permanently restraining and enjoining Defendants, their officers, agents, employees, and
attorneys, and all those persons or entities in active concert or participation with them, including
the Defendants John Does 1-10, from:

(a)      manufacturing, distributing, advertising, promoting, offering for sale
and/or selling any products which bear the Infringing Designs, or any other design
substantially similar in overall appearance and/or confusingly similar thereto, and
engaging in any other activity constituting an infringement of any of Plaintiffs'
rights in and to the Sweet People Protected Designs, MEK Denim's M DESIGN
Trademark and True Religion's U DESIGN Trademark; and

(b)      engaging in any activity constituting unfair competition with Plaintiffs, or
acts and practices that deceive the public and/or the trade, including, without
limitation, the use of design elements and designations associated with Plaintiffs.

3.      That Defendants be required to take such other measures as the Court may deem
appropriate to prevent the public from deriving any erroneous impression that products bearing
the Infringing Designs have been manufactured, distributed, advertised, promoted, offered for
sale and/or sold by Plaintiffs, have been authorized by Plaintiffs, or are related to or associated in
any way with Plaintiffs or their products.

4.      That Defendants be required to recall all infringing items and advertising and
promotional materials, and thereafter to deliver up for impoundment, seizure and destruction all
infringing designs, artwork, packaging, advertising and promotional materials, and any means of

45

making such infringing items, pursuant to the U.S. Copyright Act, 17 U.S.C. § 503, and the

Lanham Act, 15 U.S.C. § 1116.

5.      That Defendants be directed to file with the Court and serve upon Plaintiffs within

thirty (30) days after service of the judgment upon Defendants, written reports under oath setting

forth in detail the manner in which Defendants have complied with the requirements set forth

above in paragraphs 1 through 4.

6.      That the Court award Plaintiff Sweet People (i) Defendants' profits and Sweet

People's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided

for by the U.S. Copyright Act, 17 U.S.C. §§ 504 and 505; (ii) statutory damages of $2,000,000

per counterfeit mark in accordance with the Lanham Act, 15 U.S.C. § 1117, or alternatively,

ordering Defendants to account to and pay to Sweet People all profits realized by their wrongful

acts, and also awarding Sweet People its actual damages, and directing that such profits or actual

damages be trebled in accordance with the Lanham Act, 15 U.S.C. § 1117, and N.J.S.A. §§ 56:3-

13.16(d), 56:3-13.20 and 56:4-2; (iii) actual and punitive damages to which it is entitled under

applicable federal or state law; and (iv) costs, attorneys' fees, investigatory fees and expenses to

the full extent provided by the U.S. Copyright Act, 17 U.S.C. §§ 504 and 505; the Lanham Act,

15 U.S.C. § 1117; and N.J.S.A. § 56:3-13.16(d).

7.      That the Court award Plaintiff MEK Denim (i) statutory damages of $2,000,000

per counterfeit mark in accordance with the Lanham Act, 15 U.S.C. § 1117, or alternatively,

ordering Defendants to account to and pay to MEK Denim all profits realized by their wrongful

acts, and also awarding MEK Denim its actual damages, and directing that such profits or actual

damages be trebled in accordance with the Lanham Act, 15 U.S.C. § 1117, and N.J.S.A. §§ 56:3-

13.16(d), 56:3-13.20 and 56:4-2; (ii) actual and punitive damages to which it is entitled under

ME1 11404691v.1

applicable federal or state law; and (iii) costs, attorneys' fees, investigatory fees and expenses to the full extent provided by the Lanham Act, 15 U.S.C. § 1117, and N.J.S.A. § 56:3-13.16(d).

8.       That the Court award Plaintiff True Religion (i) statutory damages of $2,000,000 per counterfeit mark in accordance with the Lanham Act, 15 U.S.C. § 1117, or alternatively, ordering Defendants to account to and pay to True Religion all profits realized by their wrongful acts, and also awarding True Religion its actual damages, and directing that such profits or actual damages be trebled in accordance with the Lanham Act, 15 U.S.C. § 1117, and N.J.S.A. §§ 56:3-13.16(d), 56:3-13.20 and 56:4-2; (ii) actual and punitive damages to which it is entitled under applicable federal or state law; and (iii) costs, attorneys' fees, investigatory fees and expenses to the full extent provided by the Lanham Act, 15 U.S.C. § 1117, and N.J.S.A. § 56:3-13.16(d).

9.       That Plaintiffs be awarded pre-judgment interest on any monetary award made part of the judgment against Defendants.

10.      That Plaintiffs be awarded such additional and further relief as may be available under applicable federal, state or common law or that the Court otherwise deems just and proper.

Dated: March 24, 2011

McCARTER & ENGLISH, LLP

By: _____
         Scott S. Christie
         Irene M. Hurtado

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Phone: (973) 622-4444
Facsimile: (973) 624-7070

Attorneys for Plaintiffs

47

## LOCAL CIV. R. 11.2 CERTIFICATION

The matter in controversy in this action is not the subject of any other action pending in any other Court, or any pending arbitration or administrative proceeding.

Dated: March 24, 2011

McCARTER & ENGLISH, LLP

By: _____
Scott S. Christie
Irene M. Hurtado

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Phone: (973) 622-4444
Facsimile: (973) 624-7070

Attorneys for Plaintiffs

48